*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*Trivette & Holshouser for defendant, appellant.*

PER CURIAM. Careful consideration of the several assignments of error shown in the record on this appeal fails to reveal prejudicial error, if any error there be. They present no tenable reason for disturbing the trial below.

Hence, in the judgment from which appeal is taken, we find

No error.

---

CONRAD JACKSON AND WIFE, BLANNIE JACKSON, HATTIE LOUISE TURNAGE, MOLLIE PHILLIPS AND HUSBAND, COY PHILLIPS, v. JACK TURNAGE AND WIFE, LILLIE TURNAGE, WALTER BUTLER AND WIFE, MARY JANE BUTLER, AND NANCY JACKSON.

(Filed 4 November, 1942.)

APPEAL by defendant Nancy Jackson from *Grady, Emergency Judge,* at May Term, 1942, of LENOIR.

This action was originally instituted for the sale of land for partition. The decree authorizing the sale of the land was entered 31 March, 1941, and from which there was no appeal.

On 25 August, 1941, the defendant Nancy Jackson, through her attorney, made a special appearance and moved before the clerk of the Superior Court of Lenoir County to vacate the decree entered on 31 March, 1941, alleging among other things that there had been no legal service of summons on her. On 5 January, 1942, the clerk, after hearing evidence and argument of counsel, denied the motion. Defendant appealed to the Superior Court. On 21 May, 1942, Grady, Emergency Judge, heard the motion on the record and affidavit of movant and found as a fact that the movant was served with summons and a copy of the petition for sale and partition, and that she was represented by counsel at the hearing before the clerk at the time the original judgment was entered, from which there was no appeal, and denied the motion.

The movant, Nancy Jackson, excepted to the ruling of his Honor and appealed, assigning error.

*Alvin Outlaw and F. E. Wallace for plaintiffs.*

*Charles L. Abernethy for defendant, appellant, Nancy Jackson.*

PER CURIAM. An examination of the record and the assignment of error discloses no error in the judgment below.

Affirmed.